---

PEOPLE ex rel. ROCKLAND R. CO. et al. v. ALDRICH et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. RAILROADS—CONSTRUCTION—CERTIFICATE OF PUBLIC CONVENIENCE.

Where a trolley road secured from the Railroad Commissioners in 1903 a certificate of public convenience, but in 1906 had made little progress in construction, and an application was then pending before the Public Service Commission to revoke its charter by reason of its failure to begin construction within two years, such delay was sufficient to authorize the Railroad Commissioners to ignore its claim to protection against a granting of a certificate to a proposed parallel line.

2. SAME.

The determination of the Railroad Commissioners on an application for a certificate of public convenience by a trolley company that it should not occupy a certain avenue in a village was not res judicata on the question whether public convenience required a road on the avenue on a subsequent application by another company.

Kellogg, J., dissenting.

Certiorari by the people, on the relation of the Rockland Railroad Company and another, to review a certificate granted by George W. Aldrich and others, constituting the Board of Railroad Commissioners, to the West Shore Traction Company, under Railroad Law, Laws 1892, p. 1395, c. 676, § 59. Determination confirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William Schuyler Jackson, Atty. Gen., for the People.

Hardy & Shellabarger (Chas. J. Hardy, of counsel), for relator Rockland Railroad Co.

Daniel D. Sherman, for relator village of Grand View on Hudson.

Welch, Hiene & Fall (Edw. J. Welch, of counsel), for respondent West Shore Traction Co.

SMITH, P. J. Upon the 5th day of March, 1907, the Board of Railroad Commissioners of the state of New York granted to the West Shore Traction Company a certificate of public convenience and necessity, authorizing it to construct the road described in its

certificate of incorporation. This road as thus proposed starts upon the New Jersey line in the county of Rockland, and runs north through the villages of Piermont, Grand View, South Nyack, Nyack, Upper. Nyack, Congers, Haverstraw, and West Haverstraw, about 25 miles, along the west bank of the Hudson.

This application was opposed first by the Rockland Railroad Company. This company is a trolley road which secured from the Railroad Commissioners in 1903 a certificate of public convenience and necessity, and which parallels for a part of the way the proposed route of the West Shore Traction Company. Up to the time of the hearing before the Railroad Commissioners in 1906, the Rockland Company had made little, if any, progress in construction, and an application is now pending before the Public Service Commission to revoke its charter by reason of its failure to begin construction within two years. The delay of this company in constructing its road would alone be sufficient to authorize the Railroad Commissioners to ignore its claim to protection. The West Shore Traction Company, however, contemplated a road much more extended than that of the Rockland Railroad Company, and the fact that part of its line parallels the route of the Rockland Railroad Company is only one fact to be considered in reaching a determination of the public convenience and necessity of the traction company's proposed road.

A more difficult question arises over the controversy raised by some property owners of the village of Grand View over the right of the West Shore road to occupy Piermont avenue, in said village. It appears that this village is situated upon the banks of the Hudson, and that immediately west of the village is a high rise of land. One public street only goes through the lowland north and south, and that is the avenue in question. When the Rockland Railroad Company made application, it was decided by the Railroad Commissioners that it should not occupy Piermont avenue with its railroad; but the company was required to build upon a private right of way west of the avenue through said village of Grand View. It is first contended that this determination is binding as res adjudicata upon the question as to whether public necessity required a railroad upon that avenue. It clearly is not a legal estoppel, because the West Shore Traction Company was not a party to that proceeding. It is not without weight, however, in the determination whether this present company should be allowed to occupy that avenue in said village. It is probably true that the situation has not materially changed since the granting of that certificate, but that private route is now authorized in behalf of the Rockland Railroad Company. Serious difficulties might arise if the West Shore Traction Company should assume to occupy the same route. It is not contended in the briefs of relators here that this line ought to be put back upon Broadway, which is situated up the hill. It is practically admitted that a trolley road in that region would be a public convenience, and therefore a necessity. The only contention is that it should be put back upon private land, and not be allowed to be placed upon Piermont avenue. Where upon the avenue the road shall be placed, whether in the middle or upon either side, is within the power of the village to determine. The highway is

laid out as 33 feet wide. A road upon the easterly side of the highway, where there are few residences, as appears from the record, would not seriously interfere with the use of the highway. The road cannot be built through the village of Grand View without the franchise of the village board. The kind of rail and its setting are wholly within the direction of the village authorities, who can require the road to pave its right of way so that a carriage can cross its rails with safety.

The Commissioners had this hearing at Nyack, and had full knowledge from personal view of the exact situation. They are officers intrusted by the state with the original determination of these questions, and, whatever force may be seen in the objections of the property owners in the village of Grand View, it is not sufficient to lead us to reverse the determination of the Commissioners, who of necessity had better knowledge of the situation than we can glean from a study of the record.

The determination should therefore be confirmed, with $50 costs and disbursements against the relators, the Rockland Railroad Company and the village of Grand View.

Determination confirmed, with $50 costs and disbursements against the relators, Rockland Railroad Company and village of Grand View on the Hudson. All concur, except KELLOGG, J., who dissents.